UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALAS INVESTMENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:22 CV 124 DDN |
| | ) |
| OUTFRONT MEDIA, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Salas Investments, LLC to remand this case to state court (Doc. 14), and the motion of defendant Outfront Media, LLC for leave to file an amended notice of removal (Doc. 15). The parties have consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

This action concerns an allegation that defendant damaged plaintiff's property due to negligence. (Doc. 1 at 1.) Plaintiff owns real property and improvements at 4902 Natural Bridge Road in the City of St. Louis, Missouri (the "building"). (Doc. 1-2, ¶ 4.) Defendant is in the business of maintaining and erecting billboards and other outdoor display advertising. (*Id.*, ¶ 5.) In 2000, defendant leased a portion of the roof of the building to construct and maintain an advertising billboard on the roof. (*Id.*, ¶ 6.) During January or February 2020, defendant removed the billboard from the building. (*Id.*, ¶ 8.) Plaintiff alleges that defendant was negligent because it caused significant damage to the roof of the building while removing the billboard. (*Id.*, ¶ 10.) Plaintiff further alleges that the roof damage caused water to infiltrate the building, resulting in significant damage to the interior of the building. (*Id.*, ¶ 11.)

Additionally, plaintiff states that defendant was negligent because it did not properly install and maintain the billboard structure to avoid damage to the walls of the building. (*Id.*, ¶ 14.) Plaintiff states that the masonry walls of the building suffered damage due to defendant's failure to properly install and maintain the billboard. (*Id.*, ¶ 15.) Plaintiff alleges that it has incurred and will incur costs estimated to be over $330,000.00 as a result of defendant's negligence. (*Id.*, ¶ 16.)

On February 1, 2022, defendant removed the action from the 22nd Judicial Circuit Court for the City of St. Louis, Missouri (Circuit Court) to this Court. (Doc. 1.) On February 25, 2022, plaintiff moved to remand to the Circuit Court on the basis that defendant is a limited liability company and has not demonstrated the citizenship of its members. (Doc. 14 at 1.) Thereafter, on March 4, 2022, defendant moved for leave to file an amended notice of removal.[1] (Doc. 15.)

## **DISCUSSION**

Under 28 U.S.C. § 1446(b), a defendant is required to file removal motions within thirty days of when diversity jurisdiction is established. *E.g.*, *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002). A defendant may amend the notice of removal within the thirty-day period during which the removal may be filed. *City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (citations omitted). While a defendant can amend the removal notice after the thirty-day period, the amended notice cannot add new basis for jurisdiction. *Id.* It can only be amended to clarify the original grounds for removal or to include specific facts supporting the original grounds. *Id.*

In a case based on this Court's diversity jurisdiction, the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a). There also must be a diversity of citizenship between the parties. *Id.*, §§ 1332(a), 1332(c)(1). For the purpose of determining diversity, the citizenship of a limited liability company is the citizenship of its members. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

---

[1] Defendant attached as an exhibit an Amended Notice of Removal. (Doc. 15-2.)

Defendant has demonstrated that the amount in controversy is over $75,000.00, which plaintiff does not dispute. (Doc. 1 at 2-3.) In addition, defendant's proposed amended notice of removal does not add a new basis for jurisdiction. Defendant has consistently maintained that there is diversity of citizenship because it is not a citizen of the state of Missouri and plaintiff is a citizen of the state of Missouri. (Doc. 15-1 at 2; Doc. 15-2 at 2-3.) The amended notice of removal provides additional details regarding the citizenship of defendant. (Doc. 15-2.) It shows that plaintiff is a citizen of the state of Missouri. (*Id.* at 2.) It also shows that defendant is a citizen of the state of Delaware and state of New York and none of its members are citizens of the state of Missouri. (*Id.* at 2-3.) In its amended notice, defendant has met its burden of proof that the requirement of diversity of citizenship is satisfied. (Doc. 15-2.)

Plaintiff does not oppose defendant's proposed amended notice of removal. Thus, it is appropriate to grant defendant leave for an amended notice of removal in light of the liberal rule of amendment. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Roberts v. Panhandle Eastern Pipe Line Co.*, 737 F. Supp. 545, 548 (W.D. Mo. 1990) (permitting defendant to amend its notice of removal when plaintiff has not shown that she would be unfairly prejudiced by the amendment).

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant Outfront for leave to file an amended notice of removal **(Doc. 15) is granted.** Defendant may file its amended notice of removal within 14 days of this order.

**IT IS FURTHER ORDERED** that the motion of plaintiff Salas to remand this case to state court **(Doc. 14) is denied without prejudice.**

              /s/ David D. Noce         
    **UNITED STATES MAGISTRATE JUDGE**

Signed on March 30, 2022.